Mr. Justice Cox
delivered the opinion of the Court:
This was an action brought to recover damages for an injury alleged to have been suffered by the plaintiff from slipping on an iron vault cover on the sidewalk. The evidence in the case falls far short of the averments in the declaration. It is not necessary to make any reference to the declaration other than to say that it contains the usual allegations made in cases of this description, in reference to the dangerous condition of the street, the knowledge of that fact being brought home to the authorities of the District of Columbia, the exercise of due care on the part of the plaintiff, and the accident to him, notwithstanding. There wás a verdict for the plaintiff, and a motion for a new trial was made on the usual grounds.
*609 It appears from the evidence that on the east side of Eleventh street, above L, in the city of Washington, there was a vault with an iron cover to it, about 3 feet by 4 in dimensions, with little projections on top to avoid its being .slippery and dangerous. The plaintiff resided at the corner above, and was in the habit of passing that point daily, and was very well acquainted, therefore, with the existence and location of this trap or cover. There was a space of some 8 or 10 feet between the iron cover and the curb, and it appears that about 3 inches had been, chipped off from one of the south corners of this iron door, and that perhaps the bricks were depressed in immediate contact with that part of the door, but it does not appear from the testimony that the place was dangerous per se. On the 26th of November, 1888, the plaintiff went to his home as usual, from his place •of business, he being a messenger in the Internal Revenue Department. On that morning there had been a snow storm, and at about half-past five in the afternoon he left his home to come down the street, and then this door was covered with sleet and snow, and he stepped upon the door ■and slipped off the corner that was broken, and fell, and, as he testified, sustained a dislocation of the shoulder and a fracture of the arm. It does not appear that there Was any defect other than I have mentioned in the door itself or the sidewalk, and no witness testifies that in that condition .alone it was dangerous. The testimony simply goes to show that when- it was coated with ice or snow, as on this occasion, $t did become dangerous. It does not appear, however, that any notice had been brought home tó the District •authorities of its condition at that time. Under these circumstances the following instruction was given at the instance of the plaintiff:'
“2. If the jury find from the evidence that the plaintiff, while walking along the sidewalk on Eleventh street, near the comer of L street, without fault or negligence on his part, and while in the exercise of due care, stepped upon the iron door or cover referred to in the testimony, and slipped *610 and fell, and was injured thereby, and that the sidewalk in question where plaintiff slipped and fell, and said iron door or frame was out of repair, and was also coated with ice and snow; and that such defective condition, together with the fact of its being covered with ice and snow, rendered it unsafe for the passage of' persons over the same, and that by reason of said defective condition, together with its being covered with ice and snow, the plaintiff fell thereon and was thereby injured, then he is entitled to recover in this action. Provided, that such defect in said sidewalk, and in said iron door and iron frame, had existed for a sufficient length of time to charge the defendant with notice of its existence, that is for a sufficient length of time so that the defendant in the exercise of reasonable care in the supervision of its streets ought to have known of the defect and remedied it.”
In other words, the instruction was that if the defect existed, which defect was itself harmless, long enough to be known to the District authorities, and it only became dangerous in combination with snow and ice, of which the authorities of the District had no notice at all, the District was liable simply because it had notice of the pre-existing defect in the sidewalk.
It is attempted to assimilate this to the case of Corts vs. The District of Columbia, 18 D. C., 277. In that case it appeared that on the south side of Pennsylvania Avenue, between Fourteenth and Fifteenth streets, there was a defect which was not only dangerous, but which itself suggested that it would become exceedingly dangerous if it ever became coated with ice and snow. This court held in that case that that condition of the sidewalk in combination with a snow storm was notice to the authorities of the District of Columbia that the defect was dangerous. But that was going very far. In.that case, however, it was the permanent condition of the street which was known to the District authorities that of itself suggested the idea that it would be dangerous if it -ever became coated with ice or snow. That element *611 is wanting entirely in this instruction. This instruction' virtually says that, although the defect itself did not even suggest to anybody that it would ever become dangerous, yet if in point of fact it became dangerous, the District of Columbia was liable. It seems very plain to us that that is error. That element, however, is added in the following instruction :
“3. If the jury find from the evidence that the defect in the pavement and in the said iron door or iron frame referred to was dangerous at the time referred to, when covered with ice and snow, and the defendant had notice that it woiild become dangerous when so covered, the occurrence of a snow storm was notice to the defendant that the pavement at that point was in a dangerous condition.”
That undertakes to introduce the element that the condition of the sidewalk, although harmless at the time, yet would suggest the idea that it would become harmful and dangerous in the contingency of a snow storm.
We have to observe about that, in the first place, that there is no evidence in the case to justify that. Not a single witness testifies that the condition of the sidewalk ever would have suggested to anybody that it would become dangerous under any circumstances. -We do not find that the small defect testified to would justify a jury or a court in inferring that it would become so dangerous and that the District ought to know it.
But, even if there was such evidence, in the next place, that does not relieve the error of former instruction. Taking the two instructions together they would amount to saying to the jury that, if you find that there was this defect in the pavement, although it was harmless, j>-et if it afterwards became dangerous by a combination with ice or snow, then the District would be liable whether it had reason to suppose, from the existence of the defect, it would become dangerous, or not.
There are two distinct propositions in these two prayers, and the one does not correct the error of the other. We *612 think this is sufficient ground to order a new trial. Therefore a new trial is ordered.
There were several instructions asked on the part of the defendant which it seems to üs ought to have been given, but it is not necessary to consume time in discussing them.